IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| BERTIN LOUBEAU, # 1152488 | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-748 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| DIRECTOR OF TDCJ-CID | § | |

**REPORT AND RECOMMENDATION**

Before the Court is the Petition for a Writ of Habeas Corpus of Bertin Loubeau, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") (Instrument No. 1). Respondent filed a Motion for Summary Judgment seeking the dismissal with prejudice of Petitioner's writ because it is time barred (Instrument No. 8). Petitioner filed a Response and Objection, maintaining that he is not time barred and that Respondent's date calculations are incorrect. (Instrument No. 10). Having carefully considered the Petition, the parties' motions and briefs, and the state court records, the Court submits its Report and Recommendation to the District Court.

The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254. The State has custody of Petitioner pursuant to a judgment and sentence entered by the 344th District Court of Chambers County, Texas in Cause No. 11936, on January 9, 2003. State Records ("S.R.") at 7; Fed. Writ Pet. at 2. Petitioner was charged with possession with intent to deliver cocaine in the amount of 400 grams or more. S.R. at 5. Petitioner pled not guilty to the

1

charge and his case was tried to a jury. The jury found him guilty and the trial court assessed punishment at fifty (50) years imprisonment.

Petitioner appealed the conviction. The Fourteenth Court of Appeals affirmed the conviction on July 27, 2004. *Loubeau v. State*, No. 14,03-00075-CR (Tex.App.–Houston, July 27, 2004). Petitioner filed a Petition for Discretionary Review ("PDR"), which was refused by the Texas Court of Criminal Appeals ("TCCA") on February 2, 2005. *Loubeau v. State*, PDR NO. 1266-04. On August 5, 2005, Petitioner filed a state writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure, which was later denied by the Texas Court of Criminal Appeals on May 24, 2006. *Ex parte Loubeau*, Applic. No. WR-65,055-01.

Petitioner filed the instant writ on November 15, 2006.[1] Petitioner's alleges eight grounds of error, all of which arise out of his conviction. Petitioner allegations, condensed for purposes of clarity, consist of the following claims:

> 1). he received ineffective assistance on appeal because counsel failed to raise a properly preserved point of error that the scope of the search exceeded the consent given;
>
> 2). he received ineffective assistance of counsel at trial because counsel failed to:
>
>> (a) file a motion to suppress the evidence obtained from the illegal detention and search;
>> (b) request a jury charge pursuant to V.A.C.C.P. article 38.23;
>> (c) conduct a pretrial investigation to discover that his bond was too high;
>> (d) file a motion to suppress the cocaine;
>
> 3). the evidence was legally insufficient to support his conviction;
>
> 4). the prosecutor used false evidence and allowed false testimony to go uncorrected.

---

[1] This is the date that Petitioner declares he placed the writ in the prison mailing system. Fed. Writ. Pet. at 9. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (mailbox rule applies to federal writ petitions).

Fed. Writ Pet. at 7-8A & 10-13; Pet'r Memo in Support at viii-ix. Respondent's sole contention in his Motion for Summary Judgement is that Petitioner's federal habeas writ is time barred and, as such, should be dismissed.[2]

*Statutory Limitations Issue*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitation period for state prisoners filing federal habeas corpus petitions. 28 U.S.C.A. § 2244(d)(1); *see also Fisher v. Johnson*, 174 F.3d 710, 711 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001) (recognizing the AEDPA explicit limitation period for state prisoners filing federal habeas petitions). The statute provides in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] The Court notes that in his Motion, Respondent expressly states that he is not waiving the right to assert exhaustion or procedural bar in the event that the Court determines Petitioner's claims are not time barred. Resp.'s Mot. Sum. J. at 3.

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

        (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.A. § 2244(d)(1)-(2). Petitioner does not allege the application of any of exceptions (B), (C) or (D) to the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(1)(B)-(D). Accordingly, the one-year limitations began on the date the judgment in this case became final. 28 U.S.C. § 2244(d)(1)(A).

The judgment against Petitioner became final on May 3, 2005. Under the AEDPA, unless tolled, Petitioner had until May 3, 2006, to file a federal writ of habeas corpus. When Petitioner filed his state writ on August 5, 2005, which effectively tolled the limitations period, he had used 94 days. The TCCA denied his state writ on May 24, 2006. With more than 90 days remaining in the limitations period, Petitioner's federal writ was filed on November 15, 2006. Contrary to Respondent's contentions,[3] Petitioner's federal writ is not time barred. Accordingly, this Court **RECOMMENDS** the Respondent's Motion be **DENIED**.

## **CONCLUSION**

For all the reasons stated herein, the Court **RECOMMENDS** that Respondent's Motion for Summary Judgment (Instrument No. 8) be **DENIED**. The Court, having observed that Respondent did not waive his right to assert exhaustion or procedural bar in the event the Court determines that Petitioner's claims were not time barred, further **RECOMMENDS** that the case **be referred back**

---

[3] Respondent appears to have merely mistakenly concluded that Petitioner had until February 19, 2006, instead of 2007, to file his federal writ. Resp.'s Mot. Sum. J. at 5.

**to this Court for further proceedings, to include setting a deadline for Respondent to respond to the merits of Petitioner's claims.**

The Clerk **SHALL** send copies of this Report and Recommendation to the Parties. The Parties **SHALL** have until **April 11, 2007**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553. Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas this   22nd   day of March, 2007.

_____
John R. Froeschner
United States Magistrate Judge